UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BELDEN INC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:12-cv-01722-SEB-MJD |
| NEXANS INC., | ) |
| BERK-TEK LLC, | ) |
| | ) |
| Defendants. | ) |

**Order on Motion to Stay**

This matter comes before the Court on Defendant's Motion to Stay Based on a First-Filed, Duplicative Action, Pending in the District of Delaware. [Dkt. 14.] For the following reasons, the Motion is **GRANTED**.

## I.   Background

On November 19, 2012, Nexans filed a complaint for declaratory action in the District of Delaware against Belden, *Nexans Inc. v. Belden Inc. et al*, 1:12-cv-01491-SLR (D. Del 2012), seeking a declaration of non-infringement and invalidity of United States Patent Nos. 6,074,503 ("503"), 7,135,641 ("641"), and 7,977,575 ("575"), as well as a judgment that Belden has infringed United States Patent No. 5,796,046 ("046"). [Dkt. 14 Ex. A-1.]

On November 21, 2012, Belden filed suit against Nexans in this district, alleging infringement of Patent Nos. 503, 575, 064, and 7,663,061 ("061"). [Dkt. 1.] On December 3, 2012, Nexans filed an amended complaint in the Delaware Action, seeking an additional declaratory judgment of non-infringement and invalidity of Belden's 061 patent. [Dkt. 14 Ex. A-

4.] Presently pending before the Delaware Court are Nexans' motion to enjoin Belden from prosecuting the action in this district, and Belden's motion to dismiss.

## II.     Discussion

### A.     The First-Filed Rule

In this action, Nexans argues that a stay should be issued until the Delaware Court, as the first-filed court, has decided the venue issue.  [Dkt. 14 at 1.]  This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  Courts must consider the following factors in deciding to stay an action: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer, Inc. v. Apotex, Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009).

In the case of duplicative patent actions, the general rule is that "the first filed action is preferred, even if it is declaratory, 'unless consideration of judicial and litigant economy, and the just and effective disposition of disputes requires otherwise.'" *Serco Servs. Co., L.P. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)).

Belden argues that two circumstances warrant departing from the general first-filed rule: 1) the convenience factors under 28 U.S.C. § 1404 favor this district, and 2) Nexans' suit in Delaware constituted forum shopping, which would allow this Court to bypass the first-filed rule.  *See Micron Tech., Inc. v. Mosaid Techs., Inc.* 518 F.3d 897, 905 (Fed. Cir. 2008).  These

considerations may in fact weigh in favor of litigating this case in Indiana. However, while the Seventh Circuit has approved of second-filed courts doing this analysis, and proceeding when it is in the interests of justice to do so, *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-750 (7th Cir. 1987), the Federal Circuit's rulings control this issue in patent cases because it "raises the issue of national uniformity in patent cases, and invokes the special obligation of the Federal Circuit to avoid creating opportunities for dispositive differences among the regional circuits." *Genentech*, *Inc.*, 998 F.2d at 937. In fact, the Federal Circuit expressly declined to apply *Tempco* to patent cases, holding that it preferred the first-filed rule. *Id.* However, the Federal Circuit has not yet expressly addressed whether the second-filed court may decide the applicability of the first-filed rule. *See Ivoclar Vivadent AG v. 3M Co.*, No. 11-1183-GMS-SRF, 2012 WL 2374657 (D. Del. June 22, 2012). While district courts have come to differing conclusions on the issue, this Court finds most convincing the reasoning in those cases that have reserved the application of the first-filed rule for the first-filed court. *See, e.g., EMC Corp. v. Parallel Iron, LLC*, No. 12-11096-FDS, 2012 WL 6213133 (D. Mass. Dec. 12, 2012); *Kimberly-Clark Corp. v. McNeil-PPC, Inc.*, 260 F. Supp. 2d. 738 (E.D. Wis. 2003).

It would be at odds with the promotion of judicial and litigant economy for this Court to proceed with the analysis of the exceptions to the first-filed rule. "The first-to-file rule has generally been interpreted to dictate not only which forum is appropriate, but also which forum should *decide* which forum is appropriate." *EMC Corp.*, 2012 WL 6213133, at *3; *See also GE Bus. Fin. Servs., Inc. v. Spratt*, No. 08 C 6504, 2009 WL 1064608, at *2, n.1 (N.D. Ill. Apr. 20, 2009) ("district courts normally stay or transfer a federal suit for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court."). In this case, especially in light of the motions pending before the Delaware court, two

different federal courts would be doing the same analysis of the rule's exceptions in cases that are essentially identical.  This would not only be a waste of judicial and litigant resources, it would also give rise to the possibility of conflicting rulings.  If both this Court and the Delaware court were to decide to go forward with their respective cases, "two lawsuits between identical parties concerning identical issues would then proceed simultaneously in separate courts.  This is exactly the result that the first-to-file rule was intended to avoid." *EMC Corp.*, 2012 WL 6213133, at *4.

> B. **Motion to Stay**

Belden argues that there is no justification for a stay because the facts establish that the Delaware Court should dismiss that action. [Dkt. 37 at 5.]  However, the factors to be considered in deciding whether to issue a stay weigh in favor of its issuance in this case.  Belden has not shown that a short stay will unduly disadvantage it; Belden argues only that this action should proceed in order to keep it on track with the related Hitachi case also pending in this District. [Dkt. 37 at 12.]  The motions pending in the Delaware court have already been briefed, and are awaiting a decision.  Thus, briefly staying the present action until those decisions are made will not unduly disadvantage Belden.

Staying the action will certainly simplify the issues and streamline the trial.  Once the Delaware court rules, this Court will know whether continuing on with this case will raise the specter of conflicting rulings.  Further, continuing on when the Delaware court may well enjoin the parties from litigating this action would be a waste of the Court's and litigants' time.  Finally, and for the reasons set forth above, a stay will reduce the burden of litigation on both the parties and the Court.  If the Delaware court grants the motion to dismiss, the stay in this case will be lifted, and this action will proceed.

### III.     Conclusion

For the reasons stated above, the Motion to Stay is **GRANTED**.  The parties are instructed to notify this Court of the Delaware district court's rulings on the presently pending motions to enjoin and dismiss as soon as they are issued.  The present action is **STAYED** pending the Delaware court's resolution of those motions.

Date:    07/26/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Aaron W. Moore
FOLEY & LARDNER LLP
amoore@foley.com

Matthew A. Ambros
FOLEY & LARDNER LLP
mambros@foley.com

Matthew B Lowrie
FOLEY & LARDNER LLP
mlowrie@foley.com

Adam Arceneaux
ICE MILLER LLP
adam.arceneaux@icemiller.com

Holiday W. Banta
ICE MILLER LLP
h.banta@icemiller.com

Bert L. Slonim
KAYE SCHOLER LLP
bert.slonim@kayescholer.com

David Soofian
KAYE SCHOLER LLP
david.soofian@kayescholer.com

Deanna L. Keysor
KAYE SCHOLER LLP
deanna.keysor@kayescholer.com

James S. Blank
KAYE SCHOLER LLP
jblank@kayescholer.com

Michelle K. Marek
KAYE SCHOLER LLP
michelle.marek@kayescholer.com

Robert Unikel
KAYE SCHOLER, LLP
robert.unikel@kayescholer.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

Michael Zachary Gordon
TAFT STETTINIUS & HOLLISTER LLP
zgordon@taftlaw.com